UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LARRY DELOACH, ET AL

VERSUS

HARTFORD ACCIDENT AND
INDEMNITY INSURANCE COMPANY,
ET AL

CIVIL ACTION

NUMBER 13-33-BAJ-SCR


**RULING ON MOTION FOR SANCTIONS**

Before the court is the Motion for Sanctions Filed by Plaintiffs. Record document number 14. The motion is opposed.[1]

Defendant Heavenly Trucking Corporation removed the case to this court on January 14, 2013, and although defendant Alvaro Castillo had not yet been served he consented to the removal.[2] Defendant Castillo waived service and then filed an answer on April 3, 2013.[3] At that time and since then defendant Castillo has been represented by the same attorney of record.

Plaintiffs sought to depose Castillo, and to that end, over the course of more than five months, attempted to schedule his deposition. With the fact discovery completion deadline nearing, the plaintiffs noticed the defendant's deposition for October 17, 2013. But because the defendant's attorney could not find his

---

[1] Record document number 16.

[2] Record document number 1, Petition for Removal, ¶ 13.

[3] Record document numbers 6 and 7, respectively.

client, the defendant's attorney notified the plaintiffs' attorney that the defendant would not appear for his deposition.  Plaintiffs again noticed the defendant's deposition, this time for December 2, 2013, but this time the plaintiffs also sent a notice of the deposition to the defendant by certified mail.  The mail was received November 18, 2013.[4]  Defendant again failed to appear.

Plaintiffs have done more than what Rule 30, Fed.R.Civ.P., required of them to obtain the defendant's deposition.  Defendant's failure to appear - twice - without even an explanation, much less an acceptable excuse, warrants the imposition of sanctions under Rule 37(d), Fed.R.Civ.P.  That the defendant's attorney cannot find his client is no reason to excuse the defendant's failure to appear.  It is clearly the defendant's responsibility to keep in touch with his attorney regarding proceedings in this case and to cooperate in discovery.

Defendant argued that if a sanction is imposed, it should be some sanction less than the severe sanction of prohibiting the defendant from testifying.  Defendant  argued that there are lesser sanctions that are more appropriate, but the defendant did not suggest any particular lesser sanction which he contends would be

---

[4] The certified mail receipt was not signed by the defendant. Record document number 14-4, p. 4.  The relationship of the person signing the receipt, Claudia Hernandez, to the defendant is not explained.  However, according to the plaintiffs, the address to which the mail was sent is the address for the defendant provided by his current employer. Record document number 14-1, supporting memorandum, p. 3, n. 5.

appropriate.

Plaintiffs argued that the defendants alleged that plaintiff Larry Deloach created an emergency situation, thereby making him solely or partially at fault in causing of the accident.[5] Therefore, plaintiffs argued, defendant Castillo's testimony would be relevant to this defense.

A lesser sanction than prohibiting the defendant from testifying would not be effective.  The court considered striking defendant Castillo's comparative fault defense as a sanction.[6] While such a sanction would be an effective sanction to him, it would leave open the possibility that defendant Castillo could

---

[5] See record document number 7, Answer to Petition for Damages filed by defendant Alvaro Castillo, ¶ 20; record document number 8, Answer to Petition for Damages filed by defendants Heavenly Trucking Corporation and Hartford Accident and Indemnity Company, ¶ 20.  See also record document number 15-1, defendants' List of Contested Facts, no. 2 (contesting that plaintiff Deloach safely changes lanes and then stopped safely).

[6] The court has also considered other sanctions, including lesser ones such as a fine or staying the case until he is deposed, as well as the more serious one of entering a default judgment against defendant Castillo.  A fine would likely not be paid by the defendant and staying the case would be unfair to the plaintiffs since a stay would likely require the trial to be continued.  Ordering the defendant to appear for a deposition would likely not be effective since there is no reason to believe he could be notified, and if notified that he would comply with the order.  Entry of a default judgment would be effective as to defendant Castillo.  But his failure to appear for his deposition twice, while a very serious matter, is not so egregious as to warrant entry of a default judgment.  Moreover, the plaintiffs have already moved for summary judgment on the issue of liability.  Record document number 14, Motion for Partial Summary Judgment on the Issue of Liability Filed by Plaintiffs.

appear at the trial to offer testimony in support of the comparative fault defense asserted by the other defendants. Permitting defendant Castillo to testify in support of the other defendants' comparative fault defense would be grossly unfair and seriously prejudicial to the plaintiffs.  This is so because even if the plaintiffs would obtain a judgment against defendant Castillo in the absence of a comparative fault defense as to him, they might not be able to obtain a judgment, or obtain only a reduced judgment, against the other defendants who would still have their comparative fault defense - supported by defendant Castillo's trial testimony.

There is no suggestion that either of the other defendants had anything to do with defendant Castillo's failure to appear for his deposition.  But if some party is to be disadvantaged as a consequence of defendant Castillo's failure to appear for his deposition, in the circumstances of this case the disadvantaged party should be defendants Heavenly Trucking Corporation, which was defendant Castillo's employer, and Hartford Accident and Indemnity Company, which is his insurer.

Pursuant to Rule 37(d)(3), the plaintiffs also sought an award of expenses incurred in connection with defendant Castillo's second noticed deposition and this motion.  Such an award is appropriate  since defendant Castillo's failure to appear for his deposition was not substantially justified and no circumstances

4

make an award of expenses unjust. Plaintiffs did not submit anything to support a particular amount of expense. Therefore, the plaintiffs will be given an opportunity to do so. The award will be entered against defendant Castillo personally, as there is no reason to impose it against the other defendants or their attorney.

Accordingly, the Motion for Sanctions Filed by Plaintiffs is granted. Defendant Alvaro Castillo shall not be permitted to supply any evidence at any trial or hearing, or on any motion.

Plaintiffs are awarded their reasonable expenses incurred in connection with the defendant's attempted second deposition and this motion, the amount to paid by defendant Castillo. Plaintiffs shall have until January 21, 2014 to file an affidavit and documents sufficient to establish the amount of their expenses, and the defendant shall have seven days after the plaintiffs' filing to file a response. Thereafter, a supplemental ruling as to the award of expenses will be issued.

Baton Rouge, Louisiana, January 10, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE